**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

FILED ORL INTAKE- USBC
26 AUG 2026 PM1:26

*In re:*

Homemakers Real Estate, LLC, Case No. 6:25-bk-05570-GER
Chapter 11

Debtor.
_______________________________/

# NOTICE OF APPEAL

I appeal to the United States District Court for the Middle District of Florida from the Order Denying Motions to Disqualify PEDIXON LLC and ZPD LLC from Participation, entered August 21, 2026. (Doc. 344.) The appeal presents three questions, and each of them asks whether a Florida statute that withdraws enforceability speaks to the power of the court or only to the merits of a claim. Additionally, the appeal presents two "procedural" questions.

## Substantive Questions Presented

1. 1. If a claimant lacks a cognizable right to enforce a claim in the forum state, does the claimant have standing to present the claim in bankruptcy? *See In re Aegis Asset Management, LLC*, ___ F.4th ___, 2026 WL 2131679 (11th Cir. July 24, 2026).

2. 2. When a controlling statute removes all remedies for a prevailing party, does that degree of deprivation constitute constitutional mootness? *Cf. Baker v. City of Atlanta*, 164 F.4th 850 (11th Cir. 2026).

3. 3. When a statute addresses the power of a court to enforce a contract, is that statute a jurisdictional statute? *See generally Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006).

**"Procedural" Questions Presented**

4. Given that a bankruptcy proceeding will result in material changes in position for many parties, should the collateral order doctrine apply to an order on subject matter jurisdiction? *See Fleming v. United States*, 127 F.4th 837 (11th Cir. 2025).

5. When presented with a bona fide factual challenge to subject matter jurisdiction should the trial court bifurcate the proceedings and take evidence on the jurisdictional challenge? *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998).

**Interlocutory Appeal**

This notice may also raise a question that comes before those three. Whether a ruling on subject-matter jurisdiction entered in a bankruptcy case falls within the collateral order doctrine. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). Stated differently, in the absence of extending the collateral order doctrine, does the district court hear this appeal only after a final judgment that will arrive too late to matter. Below, I discuss that question rather than assume its answer.

**Standing**

First, whether a debt that Florida law has stripped of enforceability is a legally cognizable claim at all, and whether a claimant holding no cognizable claim has standing to participate in a federal bankruptcy case. The criminal usury statute addresses itself to courts rather than to litigants: "No extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state." *Fla. Stat. § 687.071(7)*. Standing requires the invasion of a

legally protected interest, and a debt the state has declared unenforceable in every one of its courts is not one. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A bankruptcy court in this state has already traced the consequence. Where a loan rises to the level of criminal usury, "the entire loan obligation is unenforceable," and the lender accordingly "cannot seek to recover the unpaid principal on a criminally usurious loan, whether by proof of claim, set-off, counterclaim or otherwise." *In re Omni Capital Group, Ltd.*, 157 B.R. 712, 717, 720 (Bankr. S.D. Fla. 1993). The Eleventh Circuit affirmed the decision *Omni* relied on for that forfeiture rule. *Beausejour Corp., N.V. v. Offshore Development Co.*, 802 F.2d 1319 (11th Cir. 1986). PEDixon and ZPD seek to recover by proof of claim. Whether a claimant the statute bars from that recovery has standing to be in this case at all is the first question, and standing is jurisdictional.

**Mootness**

Second, whether a live controversy remains where a statute forecloses every form of relief the claimant could obtain even if the claimant prevailed on every contested question. PEDixon, LLC and ZPD, LLC may yet prove each advance, each balance, and each default. Florida law would still forbid a court of this state to enforce the resulting debt, and the civil penalty the statute imposes for the violation is forfeiture of the entire principal amount. *Jersey Palm-Gross, Inc. v. Paper*, 658

So. 2d 531, 534 (Fla. 1995). A proceeding in which no outcome yields effectual relief leaves nothing for a court to decide, and mootness is a limit on the judicial power rather than a rule of decision applied at the end of one.

**Authority and Power**

Third, whether a statutory prohibition that binds the court regardless of any party's waiver withdraws an entire class of claims from the court's power, and so from its subject-matter jurisdiction. The order opens by reciting that subject-matter jurisdiction "can never be forfeited or waived" and that courts carry "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." (Doc. 344 at 2.) Section 687.071(7) is addressed to the courts of this state and not to the parties who appear before them. It withdraws enforceability; it does not supply a defense that a litigant may plead, forfeit, or trade away. Whether a command framed that way operates on the court's power or only on the merits of a claim is the question that decides this appeal.

**DISCUSSION**

The appeal reaches those orders and the denial of my motion for a bifurcated hearing to determine the facts necessary to determine whether the claimant's foundational contract violated *Florida Statute § 687.071* and to establish jurisdiction, and the determinations the order rests on. (Docs. 242, 306, 330.)

**The order answers all three questions the same way, and it does so in three sentences.**

The order holds that the court "has jurisdiction to determine the allowance or disallowance of the Claims as a 'core proceeding.'" (Doc. 344 at 2.) It arrives there by finding that the motions, "[w]hile . . . styled as jurisdictional and disqualification challenges, . . . are in substance objections to the Claims," and that an extension of credit made in violation of Florida law "goes to the merits of the Claims and not to the Court's subject-matter jurisdiction to hear and determine whether to allow or disallow the Claims." (Doc. 344 at 2.) Claim No. 67-1 filed by PEDixon and Claim No. 68-1 filed by ZPD are the claims the order calls the Claims.

The order does not reach the standing question and does not reach the mootness question. It treats the third question as answered by the label it assigns the motions. Recharacterizing a challenge as an objection settles where the challenge will be heard. It does not settle whether the statute that generates the challenge speaks to the court's power, and that is the antecedent question all three of mine depend on.

**The order is interlocutory, and whether that bars this appeal is itself an issue this appeal presents.**

I do not pretend the order is final. It resolves no claim. It decides where the fight over Claims 67-1 and 68-1 will happen and leaves the fight itself untouched. On the ordinary measure — whether the order "completely resolve[s] all of the issues pertaining to a discrete claim, including issues as to the proper relief" — it does not.

*In re Atlas*, 210 F.3d 1305, 1308 (11th Cir. 2000). The appeal therefore lies, if it lies, under *28 U.S.C. § 158(a)(3)*.

The question this appeal squarely raises is whether the ordinary measure is the right one for a ruling of this kind. A determination that a court may hear a matter at all is not a ruling within a proceeding. It is the ruling that permits the proceeding. The interest it decides is the interest the collateral order doctrine was built to protect: an issue conclusively determined, separate from the merits, and effectively unreviewable later. *Cohen*, 337 U.S. at 546.

The third condition is where this case departs from the ordinary one, and it departs on the facts rather than on the doctrine. Review after final judgment is adequate when the thing under review can be undone. Here it cannot. A chapter 11 trustee administers this estate, the trustee has until September 20, 2026 to file a plan, and stay-relief motions on the estate's real property are set for October 14, 2026. (Doc. 342 at 2.) If PEDixon and ZPD participate as creditors through confirmation and distribution, the assets will be gone — sold, encumbered, or distributed to parties who were never entitled to receive them — before a final judgment exists to appeal from. A judgment reversed after the res has been dispersed returns nothing. The right at stake is not the right to win the claims contest; it is the right not to have the estate consumed by claimants Florida law says may not enforce their debts here at all.

I acknowledge what stands against this. The Supreme Court has kept the doctrine deliberately small, has directed that the inquiry proceed by category rather

than by the circumstances of a single case, and has held that an order depriving a litigant of the right to have claims adjudicated in a particular forum does not satisfy the effectively-unreviewable requirement. *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 107 (2009); *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 499–501 (1989). The answer is that this is not a forum claim. Florida has not directed these claims elsewhere. It has declared them unenforceable in its courts, and no forum exists in which PEDixon and ZPD may enforce them. Whether that distinction holds is for the district court, and I present it as a question rather than as a certainty. If the district court concludes that leave is required, this notice should be treated as a motion for leave under Fed. R. Bankr. P. 8004(d).

**The appeal lies in the district court.**

There is no Bankruptcy Appellate Panel in the Eleventh Circuit, so no election under Fed. R. Bankr. P. 8005 is available or required. The appeal is taken to the United States District Court for the Middle District of Florida. *28 U.S.C. § 158(a)*.

Respectfully submitted this 26th day of August, 2026.

Frank L. Amodeo
*Pro se*
1311 Hoffner Avenue
Orlando, Florida 32809
(407) 406-1315
flahome32809@gmail.com

**ORDERED.**

**Dated: August 20, 2026**

Grace E. Robson
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Homemakers Real Estate, LLC, | ) | Case No. 6:25-bk-05570-GER |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**ORDER DENYING MOTIONS TO DISQUALIFY PEDIXON LLC AND ZPD LLC FROM PARTICIPATION**

THIS CASE came before the Court on August 19, 2026 at 9:30 a.m. to consider Motions[1] filed by Frank Amodeo and Horton Johnson ("Movants"). Movants argue that the Court does not have subject matter jurisdiction to hear Claim No. 67-1 filed by PEDIXON, LLC and Claim No. 68-1 filed by ZPD, LLC (collectively, the "Claims") because the Claims are unenforceable and amount to criminal usury. In support of their argument, Movants cite to section 687.071(7) of the Florida Statutes, which provides that "[n]o extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state."

[1] *Motion to Disqualify PEDIXON and ZPD from Further Participation in These Bankruptcies for Want of Subject-Matter Jurisdiction over the Claims* (Doc. No. 242), *Frank L. Amodeo's Motion for an Evidentiary Hearing on this Court's Subject-Matter Jurisdiction over the Pedixon and ZPD Claims* (Doc. No. 306), and the *Motion to Disqualify PEDIXON LLC and ZPD LLC from Participation for Want of Subject-Matter Jurisdiction due to Usury* (Doc. No. 330) are collectively referred to as the "Motions." Movants also filed supplemental briefing and exhibits. *See Bench Memorandum on Deciding Subject-Matter Jurisdiction First and Disqualifying Pedixon, ZPD, and Crescent Sound from Participating* (Doc. No. 307); *Frank L. Amodeo's Supplement to the Motion to Disqualify Pedixon and ZPD for Want of Subject-Matter Jurisdiction, Addressing the Holly Bluff Closing* (Doc. No. 338); *Notice of Filing Expert Report of Gary A. Moll, MBA, CPA, ASA* (Doc. No. 339); *Notice of Filing Supplemental Exhibit in Support of the Motion for an Evidentiary Hearing on Subject-Matter Jurisdiction* (Doc. No. 341).

"[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived."[2] Furthermore, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[3] Therefore, this Court must determine whether it has subject matter jurisdiction. While the Motions are styled as jurisdictional and disqualification challenges, they are in substance objections to the Claims. "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11,"[4] including, but not limited to "allowance or disallowance of claims against the estate."[5] Allowance or disallowance of claims is governed by Section 502(b) of the Bankruptcy Code, and bankruptcy courts routinely apply state law, including state usury statutes, to determine the validity of a claim.[6] While the Court agrees that an extension of credit in violation of Florida law might support disallowance of the Claims because "such claim is unenforceable against the debtor . . . under any agreement or applicable law,"[7] that goes to the merits of the Claims and not to the Court's subject-matter jurisdiction to hear and determine whether to allow or disallow the Claims.

Because the Court finds that it has jurisdiction to determine the allowance or disallowance of the Claims as a "core proceeding," it is **ORDERED** that the Motions (Doc. Nos. 242, 306, and 330) are **DENIED**.

###

The Clerk's Office is directed to serve a copy of this Order on all interested parties.

---

[2] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785 152 L. Ed. 2d 860 (2002)).
[3] *Id.* (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S. Ct. 1563, 1569-70, 143 L. Ed. 2d 760 (1999)).
[4] 28 U.S.C. § 157(b)(1).
[5] 28 U.S.C. § 157(b)(2)(B).
[6] *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 918, 59 L. Ed. 2d 136 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.").
[7] 11 U.S.C. § 502(b)(1).

**CERTIFICATE OF SERVICE**

I certify that on the 26th day of August, 2026, I filed this notice of appeal, a copy of the order appealed from, and the filing fee of $298.00 with the Clerk of the United States Bankruptcy Court for the Middle District of Florida, Orlando Division. The clerk's CM/ECF entry serves every registered participant in this case.

Frank L. Amodeo