**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FRANK L. AMODEO,**

Appellant,

v.

**LARA ROESKE FERNANDEZ,** Chapter 11 Trustee,

Appellee.

---

Case No. 6:26-cv-02089-AGM

## VERIFIED DISCLOSURE OF THIRD-PARTY LITIGATION FUNDING

Two persons who are not parties to this appeal are identified here. CTO Holdings, Inc. paid expenses of this appeal, and it paid the charges of an expert engaged by counsel for Horton S. Johnson. I answer each question the Standing Order Requiring Disclosure of Third-Party Litigation Funding asks about each of them. Both are creditors and parties in interest in the underlying bankruptcy case, *In re Homemakers Real Estate, LLC*, No. 6:25-bk-05570-GER (Bankr. M.D. Fla. 2025). Neither is a party to this action.

### CTO Holdings, Inc.

**Name and address.** CTO Holdings, Inc., 4409 Hoffner Avenue, #348, Orlando, Florida 32812.

**Nature of the interest in the case.** CTO Holdings is a creditor and party in interest in the underlying bankruptcy case. It holds no interest in the outcome of this appeal beyond the interest it holds as a creditor of the estate.

**What it funded.** CTO Holdings paid the $298 filing fee for this appeal, and it paid the charges for the certified transcripts of the hearings held August 19, 2026 and September 2, 2026. CTO Holdings also paid the charges of Gary A. Moll, MBA, CPA, ASA, the expert described below under Horton S. Johnson. It paid those charges through Johnson's counsel.

**Contract.** No contract exists between CTO Holdings and me concerning these payments or this appeal. I have no counsel in this appeal. I am not a party to any arrangement between CTO Holdings and Johnson's counsel concerning Moll's engagement.

**Approval of litigation or settlement decisions.** CTO Holdings' approval is not necessary for any litigation or settlement decision in this action.

**Foreign government.** Neither CTO Holdings nor any of its corporate parents or affiliates is in any way affiliated with a foreign government, and none of them receives funding of any type from a foreign government.

**Horton S. Johnson**

**Name and address.** Horton S. Johnson, 2523 Kissam Court, Belle Isle, Florida 32809.

**Nature of the interest in the case.** Johnson is a creditor and party in interest in the underlying bankruptcy case, and he filed a parallel motion the order on appeal denied. (Bankr. Doc. 330). He holds no interest in the outcome of this appeal beyond the interest he holds as a creditor of the estate.

**What he funded.** Johnson did not pay any expense of this appeal. His counsel engaged Gary A. Moll, MBA, CPA, ASA, whose expert report appears in the record of the underlying case and in the record designated for this appeal. (Bankr. Doc. 339). As stated above, CTO Holdings paid Moll's charges through Johnson's counsel.

**Contract.** No contract exists between Johnson, or his counsel, and me concerning this appeal.

**Approval of litigation or settlement decisions.** Johnson's approval is not necessary for any litigation or settlement decision in this action.

**Foreign government.** Neither Johnson nor any of his affiliates is in any way affiliated with a foreign government, and none of them receives funding of any type from a foreign government.

**Expenses I paid**

I paid the remaining expenses of this appeal myself. Those payments are not third-party funding, because I am the party.

**The breadth of this disclosure**

Johnson's counsel engaged Moll in the bankruptcy case, not in this appeal, and the report was filed there. I disclose the engagement, and CTO Holdings' payment of Moll's charges, because the Standing Order directs a party in doubt to comply to the fullest possible extent and to construe the Order in the broadest reasonable sense. I do not concede that the engagement or that payment is funding of this action.

I understand the continuing duty to supplement that the Standing Order imposes, and I will file a supplement within seven days of the date any further third-party funding becomes known to me.

**VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct.

Frank L. Amodeo
Executed on the 28th day of September, 2026.

Respectfully submitted this 28th day of September, 2026.

Frank L. Amodeo
*Pro se*
1311 Hoffner Avenue
Orlando, Florida 32809
(407) 406-1315
flahome32809@gmail.com

**Certification Under Penalty of Perjury That Artificial Intelligence Was Used in the Preparation of This Filing**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: Over the past fifteen months I have used ChatGPT, made by OpenAI, and Claude, made by Anthropic, and have tailored them to assist me in my work. In preparing filings in this appeal, including the brief, I use them within the "madman, architect, carpenter, judge" method of writing. (1) Madman: I have the artificial intelligence scout the orthodox positions on the legal issues and report them back to me. I assess that material together with other sources and build my own nonlinear outline of the legal issues the facts present. (2) Architect: I organize the ideas into the structure of the filing myself. Occasionally I ask the artificial intelligence for a proposed outline, but I usually find its outlines too orthodox for my style and do not use them. (3) Carpenter: I have the artificial intelligence search the record and other factual sources and return pinpoint references, which I check against my own knowledge of the facts. I also have it double-check authorities and whether they remain good law, but I do not rely on those checks; I do that work myself. (4) Judge: I have the artificial intelligence play opposing counsel, find flaws in my arguments, and point out gaps in reasoning or explanation, as a quality-control check. For this filing, Claude prepared the draft from facts I supplied and formatted the document, and I reviewed, revised, and adopted every

sentence. I do not rely on the machines. No filing is made, and no case or other decisional authority of any kind is cited, unless I have personally read it and made my own judgment about it. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

Frank L. Amodeo

## CERTIFICATE OF SERVICE

I certify that on the 28th day of September, 2026, I filed this document with the Clerk of the United States District Court for the Middle District of Florida. On the same day I served a copy by U.S. Mail on Rhys P. Leonard, counsel for Appellee Lara Roeske Fernandez, Chapter 11 Trustee, 101 East Kennedy Boulevard, Suite 2700, Tampa, Florida 33602-5150, and by U.S. Mail and email on Jeffrey S. Ainsworth, Branson Ainsworth PLLC, 1501 E. Concord Street, Orlando, Florida 32803, Jeff@bransonlaw.com, counsel for PEDixon, LLC and ZPD, LLC.

________________________________

Frank L. Amodeo